# EXHIBIT A

STATE OF INDIANA    )   IN THE MARION SUPERIOR COURT
                ) SS:        49D021410PL033092
COUNTY OF MARION    )   CAUSE NO. _____

|  |  |
|---|---|
| NORTH AMERICAN RETAIL<br>HARDWARE ASSOCIATION<br><br>      Plaintiff,<br><br>   v.<br><br>GREG COLE,<br><br>      Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**FILED**

(15)

OCT 07 2014

*Elizabeth d White*
CLERK OF THE MARION CIRCUIT COURT

## NORTH AMERICAN RETAIL HARDWARE ASSOCIATION'S
## VERIFIED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

    Plaintiff North American Retail Hardware Association ("NRHA"), for its complaint against defendant Greg Cole ("Cole"), alleges as follows:

### General Allegations and Factual Background

    1.    NRHA is an Indiana corporation with offices located at 6325 Digital Way, Indianapolis, Indiana. NRHA is a trade association for independent hardware retail stores.

    2.    Upon information and belief, Cole is a resident of Sneads Ferry, North Carolina.

    3.    Cole began working for NRHA on January 1, 2013 as a sales representative for NRHA's Northeast territory.

    4.    As a condition of his employment with NRHA, Cole signed a Confidentiality Non-Disclosure Agreement (the "Agreement"). A copy of the Agreement is attached as *Exhibit A*.

5.     Pursuant to the Agreement, any disputes arising under the Agreement or any action brought to enforce the Agreement shall be brought exclusively in the courts of Marion County, Indiana.  Cole consented to personal jurisdiction of such courts.

6.     Throughout the course of Cole's employment with NRHA, NRHA provided Cole with confidential and competitively sensitive and valuable information and materials, including without limitation advertiser and rate information, NRHA sales reports, customer lists and information, customer contracts, and advertising history and rates for customers, ("Confidential Information"), which information NRHA has expended considerable effort and money in gathering and in keeping secret.

7.     The Agreement imposes upon Cole certain reasonable provisions related to the non-disclosure of NRHA's Confidential Information.  Specifically, the Agreement states:

> [Cole agrees] that the Confidential Information is to be considered confidential and proprietary to North American Retail Hardware Association and you shall hold the same in confidence: you shall not use the Confidential Information other than for the purposes of its business with North American Retail Hardware Association and shall disclose it only to its officers, directors or employees with a specific need to know.  You will not use, disclose, publish or otherwise reveal any of the Confidential Information received from North American Retail Hardware Association to any other party whatsoever except with the specific prior written authorization of North American Retail Hardware Association.

8.     Cole resigned his employment with NRHA effective September 2, 2014.

9.     After his termination from NRHA, Cole began working for Lebhar-Friedman, Inc. ("Lebhar-Friedman"), a direct competitor of NRHA, in a similar capacity as he did at NRHA.

10.    Upon information and belief, Cole has directly or indirectly violated the Agreement by, among other things, secretly emailing NRHA's Confidential Information from his

NRHA email account to a private email account with the intent to use the information for the benefit of his new employer, Lebhar-Friedman, selling NRHA's exact 2015 advertising program to NRHA's top clients, and training Lebhar-Friedman's employees on NRHA's advertising programs and sales strategies.

11.    After the resignation of his employment with NRHA, Cole has failed to return to NRHA, and has improperly retained, NRHA's Confidential Information.

12.    Unless enjoined, Cole will continue to violate the Agreement.

13.    Because NRHA's damages will be difficult to ascertain and it cannot adequately be compensated in monetary damages, NRHA has no adequate remedy at law for such breaches, and NRHA is entitled to injunctive relief.

14.    The Agreement provides that Cole is liable for any and all costs, damages and other expenses, including attorneys' fees, incurred by NRHA in enforcing the Agreement.

15.    As a result of Cole's violations of the Agreement, NRHA has hired an attorney to enforce the Agreement and has incurred costs, expenses, and attorneys' fees.

### COUNT I – Breach of Contract

16.    NRHA realleges paragraphs 1 through 15 of its Complaint.

17.    The foregoing acts and conduct of Cole constitute breaches of the Agreement.

18.    As a result of such breaches, NRHA has been and will be injured by the loss of employees and by harm to its goodwill.

19.    The conduct of Cole demonstrates that Cole will continue such breaches, as a result of which NRHA is threatened with irreparable harm through the future loss of customers, revenues and profits and damage to NRHA's goodwill.

20.   The continued breaches by Cole of the Agreement threaten to cause NRHA continuing future injuries in an amount that cannot be ascertained and for which NRHA cannot adequately be compensated in monetary damages.

21.   NRHA has complied with all of the terms of the Agreement.

22.   NRHA has no adequate remedy at law and is entitled to a preliminary and a final injunction for such violations.

23.   The threatened harm to NRHA, if such injunction is not granted, outweighs the risk of harm to Cole if such injunction is granted.

24.   The granting of such injunction will not violate public policy.

25.   The Agreement entitles NRHA to obtain, among other things, injunctive relief and damages in connection with Cole's breach of the Agreement.

WHEREFORE, NRHA requests that the Court:

A.   Issue a preliminary and a permanent injunction, enjoining Cole from violating his obligations under the Agreement.

B.   Order Cole to pay damages in an amount to be established at the trial, including NRHA's attorneys' fees.

C.   Grant such other relief as may be proper.

## COUNT II – Misappropriation of Trade Secrets

26.   NRHA realleges paragraphs 1 through 25.

27.   NRHA's Confidential Information includes trade secrets of NRHA under Ind. Code §24-2-3-1 *et seq.*

28.   Upon information and belief, Cole has breached, and threatens to breach further, his duties to maintain the secrecy of NRHA's trade secrets and has used and disclosed, and

continues to threaten to use and disclose, NRHA's trade secrets in such a way as to constitute the actual and threatened misappropriation of trade secrets under Ind. Code §24-2-3-1 *et seq.*, thereby causing injury and damage to NRHA.

29.    Such misappropriation by Cole is willful and malicious.

30.    Cole's continued misappropriation of NRHA's trade secrets threaten to cause NRHA continuing future injuries in an amount which cannot be ascertained and for which NRHA cannot adequately be compensated in monetary damages.

31.    NRHA has no adequate remedy at law and is entitled to a preliminary and final injunction for such violations.

32.    The threatened harm to NRHA, if such injunction is not granted, outweighs the risk of harm to Cole, if such injunction is granted.

33.    The granting of such injunction will not violate public policy.

WHEREFORE, NRHA requests that the Court:

A.    Issue a preliminary and a permanent injunction, enjoining Cole from violating his obligations under the Agreement.

B.    Issue a preliminary and permanent injunction, enjoining Cole from using and/or disclosing NRHA's trade secrets and from engaging in any other conduct which threatens the improper use or disclosure of NRHA's trade secrets.

C.    Order Cole to return to NRHA any and all information and materials, in whatever form, that contained NRHA's trade secrets.

D.    Order Cole to pay to NRHA (i) actual damages resulting from his misappropriation of NRHA's trade secrets, (ii) an amount equal to the unjust enrichment received by him as a result of such misappropriation, (iii) exemplary damages not exceeding

twice the amount of actual damages and unjust enrichment, and (iv) NRHA's attorney's fees incurred in this action.

      E.     Grant such other relief as may be proper.

### COUNT III – Breach of Duty of Loyalty

34.     NRHA realleges paragraphs 1 through 33.

35.     As an employee of NRHA, Cole owed NRHA a duty of loyalty, both during his employment and after the termination of his employment.

36.     During his employment, such duty included, among other things, the duty to diligently pursue business opportunities on behalf of NRHA, to refrain from competing against NRHA, and to refrain from using or disclosing NRHA's Confidential Information and other proprietary information and materials on his own behalf or on behalf of any other person or entity other than NRHA.

37.     Following termination of employment, Cole continued to owe NRHA, among other things, the duty to return to NRHA its Confidential Information and other proprietary information and materials and to refrain from using or disclosing NRHA's Confidential Information and other proprietary information and materials on his own behalf or on behalf of any other person or entity.

38.     The foregoing conduct of Cole constitutes breaches of his duty of loyalty.

39.     As a result of the foregoing conduct, NRHA has suffered, and will continue to suffer, immediate and irreparable harm.

40.     Cole's breach of his duty of loyalty threatens to cause NRHA continuing future injuries in an amount which cannot be ascertained and for which NRHA cannot adequately be compensated in monetary damages.

41.   NRHA has no adequate remedy at law and is entitled to a preliminary and final injunction for such violations.

42.   The threatened harm to NRHA, if such injunction is not granted, outweighs the risk of harm to Cole, if such injunction is granted.

43.   The granting of such injunction will not violate public policy.

WHEREFORE, NRHA requests that the Court:

A.   Issue a preliminary and a permanent injunction, enjoining Cole from violating his obligations under the Agreement.

B.   Order Cole to return to NRHA all information, materials, equipment, parts and other tangible and intangible property belonging to NRHA, in whatever form.

C.   Order Cole to pay damages in an amount to be established at the trial of this matter.

D.   Grant such other relief as may be proper.

**COUNT IV – Conversion**

44.   NRHA realleges paragraphs 1 through 43.

45.   Upon information and belief, NRHA is the owner of the property that is in the possession of Cole, and NRHA is lawfully entitled to possession of such property.

46.   Upon information and belief, Cole has knowingly or intentionally exerted unauthorized control over property belonging to NRHA in violation of Ind. Code §35-43-4-3.

47.   NRHA has been injured and has suffered damages as a direct and proximate result of Cole's unauthorized control over such property.

48.   NRHA is entitled under Ind. Code §34-4-30-1 to treble damages, costs of this action and reasonable attorneys' fees.

WHEREFORE, NRHA requests that the Court:

A.     Order Cole to pay (i) three times the amount of NRHA's actual damages, (ii) costs of this action, (iii) NRHA's reasonable attorneys' fees, and (iv) such other costs and expenses as are recoverable pursuant to Ind. Code §34-4-30-1.

B.     Issue a preliminary and permanent injunction, enjoining Cole from using the NRHA property, in whatever form, and ordering Cole to return such property to NRHA.

C.     Grant such other relief as may be proper.

## DEMAND FOR JURY TRIAL

NRHA requests a trial by jury on all claims triable to a jury.

I AFFIRM UNDER THE PENALTY FOR PERJURY THAT THE ABOVE FACTS ARE TRUE TO THE BEST OF MY KNOWLEDGE.

_____
Signature

_William Lee / CEO_
Printed Name and Title

Respectfully submitted,

Michael C. Terrell, Atty. No. 2124-49
Tracy N. Betz, Atty. No. 24800-53
Taft Stettinius & Hollister LLP
One Indiana Square, Suite 3500
Indianapolis, IN 46204-2023
(317) 713-3500 – phone
(317) 713-3699 – fax
mterrell@taftlaw.com
tbetz@taftlaw.com

*Counsel for Plaintiff*
*North American Retail Hardware Association*

*Exhibit A*

## <u>CONFIDENTIALITY NON-DISCLOSURE AGREEMENT</u>

This Confidentiality/Non-Disclosure Agreement is made and effective this _26th_ day of _February 2013_ by and between North American Retail Hardware Association and _Corey Cole_ .

Your agreement to the terms of this Confidentiality Non-Disclosure Agreement is a condition precedent to your employment by North American Retail Hardware Association and the consideration for your signature to this agreement is your employment by North American Retail Hardware Association.

North American Retail Hardware Association proposes to disclose to you during your employment, certain of its confidential and proprietary information.

This confidential and proprietary information shall include all business plans, marketing plans, financial information, customer lists and sales and price information disclosed in any manner whether written or orally to you by North American Retail Hardware Association.

You agree that the Confidential Information is to be considered confidential and proprietary to North American Retail Hardware Association and you shall hold the same in confidence:  you shall not use the Confidential Information other than for the purposes of its business with North American Retail Hardware Association and shall disclose it only to its officers, directors or employees with a specific need to know.  You will not use, disclose, publish or otherwise reveal any of the Confidential Information received from North American Retail Hardware Association to any other party whatsoever except with the specific prior written authorization of North American Retail Hardware Association

Upon the request of North American Retail Hardware Association you shall return all Confidential Information received in written or tangible form including copies or other reproductions containing such Confidential Information within ten (10) days of such request.

This agreement shall be governed and construed in accordance with the laws of the State of Indiana and you consent to the exclusive jurisdiction of the Courts Marion County Indiana for any dispute arising out of this agreement.

You agree that in the event of any breach or threatened breach by you, North American Retail Hardware Association may obtain, in addition to any other legal remedies which may be available, such equitable relief including an appropriate restraining order as may be necessary to protect North American Retail Hardware Association against any such breach or threatened breach including reasonable attorney fees.

IN WITNESS WHEREOF the parties have executed this Agreement as of the date first above written.

North American Retail Hardware Association
6325 Digital Way
Indianapolis, IN 46278

Employee

9463 Cottonwood Lane SE
Leland NC 28451
Address

2

# SUMMONS

STATE OF INDIANA    )
                    ) SS:
COUNTY OF MARION  )

IN THE MARION SUPERIOR COURT

CAUSE NO. _____ 49D021410PL033092

NORTH AMERICAN RETAIL
HARDWARE ASSOCIATION            )
                                 )
           Plaintiff,           )
                                 )
      v.                        )
                                 )
GREG COLE,                    )
                                 )
           Defendant.     )

TO DEFENDANT:     Greg Cole
                         412 Canvasback Lane
                         Sneads Ferry, North Carolina 28460

       You are hereby notified that you have been sued by the plaintiff and in the Court indicated above.

       The nature of the suit against you is stated in the Complaint which is attached to this Summons.  It also states the relief sought or the demand made against you by the plaintiff.

       An answer or other appropriate response in writing to the Complaint must be filed either by you or your attorney within twenty (20) days, commencing the day after you receive this Summons, (or twenty-three (23) days if this Summons was received by mail), or a judgment by default may be rendered against you for the relief demanded by plaintiffs.

       If you have a claim for relief against the plaintiffs arising from the same transaction or occurrence, you must assert it in your written answer.

OCT 07 2014

Dated _____ *Elizabeth F. White* _____

CLERK OF THE MARION CIRCUIT COURT           (Seal)

Clerk, Marion County Superior Court

**(The following manner of service of summons is hereby designated.)**

_____   Registered or certified mail: _____
_____   Service at place of employment, to-wit:_____
  X    Service on individual:   By Private Process Server _____
_____   Service on agent. (Specify) _____
_____   Other service. (Specify) _____

Michael C. Terrell, Atty. No. 2124-49
Tracy N. Betz, Atty. No. 24800-53
Taft Stettinius & Hollister LLP
One Indiana Square, Suite 3500
Indianapolis, IN 46204-2023
(317) 713-3500 – phone
(317) 713-3699 – fax

*Attorneys for Plaintiff, North American
Retail Hardware Association*

2214470.1

## SHERIFF'S RETURN ON SERVICE OF SUMMONS

I hereby certify that I have served this summons on the _____ day of _____, 2012:

(1) By delivering a copy of the Summons and a copy of the complaint to the defendant,_____.

(2) By leaving a copy of the Summons and a copy of the complaint at _____
which is the dwelling place or usual place of abode of _____
and by mailing a copy of said summons to said defendant at the above address.

(3) Other Service or Remarks:_____
_____
_____

Sheriff's Costs                                       Sheriff

                                                      By:_____
                                                           Deputy


## CLERK'S CERTIFICATE OF MAILING

I hereby certify that on the ____ day of _____, 2012, I mailed a copy of this summons and a
*copy of the complaint to the defendant,* _____, by _____ mail,
requesting a return receipt, at the address furnished by the plaintiff.

                                      _____
                                      Clerk, Marion _____ Court

Dated:_____, 2012       By:_____
                                           Deputy


## RETURN ON SERVICE OF SUMMONS BY MAIL

I hereby certify that the attached receipt was received by me showing that the Summons and a copy of the
complaint mailed to defendant _____ was accepted by the defendant on the ____ day of _____, 2012.

I hereby certify that the attached return receipt was received by me showing that the summons and a copy
of the complaint was returned not accepted on the ____ day of _____, 2012.

I hereby certify that the attached return receipt was received by me showing that the Summons and a copy
of the complaint mailed to defendant _____ was accepted by _____ on behalf of said
defendant on the ____ day of _____, 2012.

                                      _____
                                      Clerk, Marion _____Court

                                      By: _____
                                           Deputy


2214470.1

STATE OF INDIANA    )          IN THE MARION SUPERIOR COURT
                  ) SS:
COUNTY OF MARION    )          CAUSE NO. _____

NORTH AMERICAN RETAIL    )
HARDWARE ASSOCIATION    )
                  )
        Plaintiff,    )
                  )
    v.              )
                  )
GREG COLE,           )
                  )
        Defendant.

**FILED**

(15)  OCT 0 7 2014

*Elizabeth of White*
CLERK OF THE MARION CIRCUIT COURT

## <u>APPEARANCE BY ATTORNEY IN CIVIL CASE</u>

Party Classification:  Initiating <u>X</u>  Responding ____  Intervenor ____

1.    The undersigned attorney and all attorneys listed on this form now appear in this case for the following party members:

        **NORTH AMERICAN RETAIL HARDWARE ASSOCIATION**

2.    Applicable attorney information for service as required by Trial Rule 5(B)(2) and for case information as required by Trial Rules 3.1 and 77(B) is as follows:

    Name:    Michael C. Terrell        Attorney No. 2124-49
             Tracy N. Betz           Attorney No. 24800-53
             Address: TAFT STETTINIUS & HOLLISTER LLP  Phone:  (317) 713-3500
             One Indiana Square, Suite 3500        Fax:  (317) 713-3699
             Indianapolis, IN 46204           Email Address: mterrell@taftlaw.com
                                                           tbetz@taftlaw.com

3.    There are other party members:  Yes      No  X

4.    *If first initiating party filing this case*, the Clerk is requested to assign this case the following Case Type under Administrative Rule 8(b)(3):  PL

5.    I will accept service by FAX at the above noted number:  Yes      No  X

6.    This case involves support issues.  Yes      No X

7.    There are related cases:  Yes      No  X

8.    This form has been served on all other parties.

Certificate of Service is attached:      Yes      No    X

9.    Additional information required by local rule:    None


By  *Tracy M Betz*
Michael C. Terrell,  Atty No. 2124-49
Tracy N. Betz, Atty. No. 24800-53

*Attorneys for Plaintiff North American*
*Retail Hardware Association*

TAFT STETTINIUS & HOLLISTER LLP
One Indiana Square, Suite 3500
Indianapolis, IN 46204
Telephone:  (317) 713-3500
Facsimile:  (317) 713-3699

2216883.1

2

STATE OF INDIANA     )     IN THE MARION SUPERIOR COURT
                      ) SS:
COUNTY OF MARION    )     CAUSE NO. 49D021410PL033092

NORTH AMERICAN RETAIL    )
HARDWARE ASSOCIATION    )
                      )
       Plaintiff,     )     **FILED**
                      )
   v.            )   (86)  OCT 0 7 2014
                      )
GREG COLE,          )    *Charlotte L. White*
                      )   CLERK OF THE MARION CIRCUIT COURT
       Defendant.    )

## PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION
## AND REQUEST FOR HEARING

Pursuant to Rule 65 of the Indiana Rules of Trial Procedure, plaintiff North American Retail Hardware Association ("NRHA") requests that, upon hearing, the Court issue a preliminary injunction that:

(a)   Enjoins defendant Greg Cole ("Cole") from violating his obligations under his Confidentiality Non-Disclosure Agreement ("Agreement," a copy of which is attached as *Exhibit A* to NRHA's complaint);

(b)   Enjoins Cole from using and/or disclosing NRHA's trade secrets and from engaging in any other conduct which threatens the improper use or disclosure of NRHA's trade secrets; and

(c)   Enjoins Cole from using the NRHA property, in whatever form, and ordering Cole to return such property to NRHA.

2216845.1

STATE OF INDIANA      )     IN THE MARION SUPERIOR COURT
                              ) SS:
COUNTY OF MARION    )     CAUSE NO. _____

NORTH AMERICAN RETAIL     )
HARDWARE ASSOCIATION     )
                              )
         Plaintiff,        )
                              )
     v.                  )
                              )
GREG COLE,              )
                              )
         Defendant.      )

## NORTH AMERICAN RETAIL HARDWARE ASSOCIATION'S
## FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO GREG COLE

       Pursuant to Rules 26 and 34 of the Indiana Rules of Trial Procedure, North American Retail Hardware Association serves its First Request for Production of Documents to defendant Greg Cole ("Cole") to be responded to in accordance with the Court's ruling on NRHA's Motion for Expedited Discovery.

### I.    Definitions

       For purposes of these interrogatories, the following definitions apply:

       1.     "NRHA" shall mean North American Retail Hardware Association and its parents, subsidiaries, divisions, affiliates, related companies, predecessors, successors, or assigns and any of its officers, directors, agents, attorneys, representatives, and employees.

       2.     "Lebhar-Friedman" shall mean Lebhar-Friedman, Inc. and its parents, subsidiaries, divisions, affiliates, related companies, predecessors, successors, or assigns and any of its officers, directors, agents, attorneys, representatives, and employees.

2215674.1

3.    "Cole," "you," and "your" shall mean defendant Greg Cole and his attorneys, agents, representatives and assigns.

4.    "Communication" shall mean the transmission of information by one or more persons to one or more persons and/or between two or more persons by any means, including without limitations both oral and written communications, whether in person, by telephone, telecopy, letter, electronic mail, text message, instant message, Facebook message, memorandum or otherwise.

## II.    **Instructions**

1.    Individual responses are to be made to every request.

2.    In accordance with the Indiana Rule of Trial Procedure 26(E), this request shall be deemed continuing so as to require supplemental production if you receive, become aware of, or generate additional documents between the time of original production and trial in this matter.

3.    All documents, electronic, hard copy, or otherwise, are to be produced that are in your possession, custody, or control.

4.    If more than one copy of a requested document is in your possession and any copy bears notations, whether handwritten or otherwise, that do not appear on all copies, each such copy shall be separately produced.

5.    If there are no documents in your possession, custody, or control that are responsive to a particular request, respond in writing indicating the lack of such documents.

6.    In the event that the document called for has been destroyed, mutilated, or discarded, that document is to be identified by stating:

    a.    The names of its author or authors, preparers, and recipients, identified by title and employer;

2

b.     Whether any indicated or blind copies exist;

c.     The document's date, subject matter, number of pages, and attached exhibits or appendices;

d.     The names of all persons, also identified by title and employer, to whom the document or any copy or reproduction of the document was distributed, shown, or explained;

e.     The document's date of destruction or discard and manner of destruction or discard; and,

f.     The names and addresses of persons authorizing or carrying out such destruction or discard, identified by title and employer.

7.     In the event that any document called for by this request is to be withheld under a claim of privilege or otherwise, that document is to be identified in accordance with Indiana Rule of Trial Procedure 26(B)(5).

8.     If any information or data is withheld because such information or data is stored only electronically, it is to be identified by the subject matter of the information, the storage mode, and the place(s) where such information is maintained.

3

2215674.1

STATE OF INDIANA    )    IN THE MARION SUPERIOR COURT
    ) SS:
COUNTY OF MARION    )    CAUSE NO. _49D021410PL033092__

NORTH AMERICAN RETAIL    )
HARDWARE ASSOCIATION    )
    )
    Plaintiff,    )
    )
    v.    )
    )
GREG COLE,    )
    )
    Defendant.    )

**FILED**

(86)  OCT 0 7 2014

*Elizabeth T. White*
CLERK OF THE MARION CIRCUIT COURT

### PLAINTIFF NORTH AMERICAN RETAIL HARDWARE ASSOCIATION'S MOTION FOR EXPEDITED DISCOVERY

Plaintiff North American Retail Hardware Association ("NRHA") files its Motion for Expedited Discovery and, in support of this motion, shows the Court as follows:

1.    This is an action seeking to enforce an agreement containing a confidentiality provision against former NRHA employee Greg Cole ("Cole"). NRHA seeks relief for breach of contract and tortious interference with contractual relations.

2.    The employment relationship between NRHA and Cole has been severed, and Cole is bound by post-employment restrictions in his Confidentiality Non-Disclosure Agreement (the "Agreement"). Cole has violated and continues to violate the Agreement by, among other things, unlawfully retaining and using NRHA's confidential information.

3.    NRHA has asked for a preliminary injunction against Cole. Discovery is necessary to prepare for the preliminary injunction hearing. Contemporaneously with the filing of this motion, NRHA is also serving Cole with its complaint and motion for preliminary injunction. NRHA has requested a hearing on its motion for preliminary injunction to take place

in the next four weeks.  Accordingly, NRHA requests that the Court enter an order permitting expedited discovery as follows:

        A.      Requiring Cole to respond to NRHA's First Request for Production of Documents, a copy of which is attached hereto as *Exhibit A*, and to produce all requested documents no later than 7 days before the date of the preliminary injunction hearing.

        B.      Requiring Cole to respond to NRHA's First Set of Interrogatories, a copy of which is attached hereto as *Exhibit B*, no later than 7 days before the date of the preliminary injunction hearing.

        C.      Authorizing NRHA to engage in third-party discovery immediately and that the advance written notice requirements set forth in Indiana Rule of Trial Procedure 34 be waived.

        D.      Authorizing NRHA to take Cole's deposition on October 27, 2014, in accordance with NRHA's Notice of Deposition, attached hereto as *Exhibit C*.

        E.      Requiring third-party Lebhar-Friedman, Inc. to respond to NRHA's Non-Party Document Requests, a copy of which is attached hereto as *Exhibit D* and to produce all requested documents no later than 7 days before the date of the preliminary injunction hearing.

        4.      NRHA further requests leave to engage in additional expedited discovery, including depositions, if it obtains information indicating that additional expedited discovery is needed.

        WHEREFORE, NRHA respectfully requests that the Court enter an order allowing expedited discovery as outlined above.

2192128.1

Respectfully submitted,

Michael C. Terrell, Atty. No. 2124-49
Tracy N. Betz, Atty. No. 24800-53
Taft Stettinius & Hollister LLP
One Indiana Square, Suite 3500
Indianapolis, IN 46204-2023
(317) 713-3500 – phone
(317) 713-3699 – fax
mterrell@taftlaw.com
tbetz@taftlaw.com

*Counsel for North American Retail
Hardware Association*

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing document was served with the Summons and Complaint in this action upon the following person via private process server:

Greg Cole
412 Canvasback Lane
Sneads Ferry, North Carolina  28460

Tracy N. Betz

3

2192128.1

## CONFIDENTIALITY NON-DISCLOSURE AGREEMENT

This Confidentiality/Non-Disclosure Agreement is made and effective this 26th day of February 2013 by and between North American Retail Hardware Association and Grey Cole.

Your agreement to the terms of this Confidentiality Non-Disclosure Agreement is a condition precedent to your employment by North American Retail Hardware Association and the consideration for your signature to this agreement is your employment by North American Retail Hardware Association.

North American Retail Hardware Association proposes to disclose to you during your employment, certain of its confidential and proprietary information.

This confidential and proprietary information shall include all business plans, marketing plans, financial information, customer lists and sales and price information disclosed in any manner whether written or orally to you by North American Retail Hardware Association.

You agree that the Confidential Information is to be considered confidential and proprietary to North American Retail Hardware Association and you shall hold the same in confidence: you shall not use the Confidential Information other than for the purposes of its business with North American Retail Hardware Association and shall disclose it only to its officers, directors or employees with a specific need to know. You will not use, disclose, publish or otherwise reveal any of the Confidential Information received from North American Retail Hardware Association to any other party whatsoever except with the specific prior written authorization of North American Retail Hardware Association

Upon the request of North American Retail Hardware Association you shall return all Confidential Information received in written or tangible form including copies or other reproductions containing such Confidential Information within ten (10) days of such request.

This agreement shall be governed and construed in accordance with the laws of the State of Indiana and you consent to the exclusive jurisdiction of the Courts Marion County Indiana for any dispute arising out of this agreement.

You agree that in the event of any breach or threatened breach by you, North American Retail Hardware Association may obtain, in addition to any other legal remedies which may be available, such equitable relief including an appropriate restraining order as may be necessary to protect North American Retail Hardware Association against any such breach or threatened breach including reasonable attorney fees.

IN WITNESS WHEREOF the parties have executed this Agreement as of the date first above written.

North American Retail Hardware Association
6325 Digital Way
Indianapolis, IN 46278

Employee

9463 Cottonwood Lane SE
Leland NC 28451
Address

2

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing document was served with the Summons and Complaint in this action upon the following person via private process server:

Greg Cole
412 Canvasback Lane
Sneads Ferry, North Carolina 28460

Tracy N. Betz

3

2217392.1

In support of its motion, NRHA states that:

1.      This motion is being filed contemporaneously with NRHA's filing of its complaint, which includes a request for injunctive relief.   NRHA's complaint contains the verified factual allegations and legal theories that serve as the basis for this motion.

2.      NRHA is able and willing to provide security as the Court might deem proper.

3.      To permit NRHA to engage in adequate expedited discovery, NRHA requests that this Motion be set for hearing to take place within the next four weeks.

WHEREFORE, NRHA requests that the Court enter a preliminary injunction against Cole and enter all other just and proper relief.

Respectfully submitted,

Michael C. Terrell, Atty. No. 2124-49
Tracy N. Betz, Atty. No. 24800-53
Taft Stettinius & Hollister LLP
One Indiana Square, Suite 3500
Indianapolis, IN 46204-2023
(317) 713-3500 – phone
(317) 713-3699 – fax
mterrell@taftlaw.com
tbetz@taftlaw.com

*Counsel for North American Retail Hardware Association*

2

# EXHIBIT B